IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LAMONT JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0040 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

On February 15, 2006,[1] petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he challenges his state court conviction and sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be DISMISSED.

I.
PROCEDURAL HISTORY

According to a written and published opinion from the state appellate court, petitioner

---

[1] Petitioner attests his application was placed in the prison mailing system on February 15, 2006. Although the application was not received by this Court and filed of record until February 22, 2006, the Court will use the February 15, 2006 date as the filing date. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

was indicted in the 100th Judicial District Court of Childress County, Texas, for the felony offense of aggravated sexual assault. On March 24, 1997, petitioner, pursuant to a plea bargain, pleaded guilty to the charge. The state trial court found the evidence substantiated petitioner's guilt, honored the plea bargain, deferred adjudication for six (6) years, and placed petitioner on probation for that same time period. Petitioner did not challenge the proceedings by direct appeal.

The State subsequently moved to revoke petitioner's probation and adjudicate petitioner's guilt. Petitioner pleaded "untrue" to the alleged probation violations, however, after the State presented evidence, the trial court found petitioner had violated the terms of his probation. On October 9, 1998, the trial court revoked petitioner's probation, adjudicated him guilty of the original charge based on his previous guilty plea, and imposed a sentence of confinement for twenty (20) years. Judgment adjudicating petitioner's guilt was signed on October 13, 1998.

Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas. On August 22, 2000, petitioner's appeal was dismissed for lack of jurisdiction. *Jones v. State*, No. 07-98-0411-CR. Petitioner did not file a petition for discretionary review seeking review of the intermediate appellate court's decision by the Texas Court of Criminal Appeals.

In his application, petitioner avers he filed a state application for a writ of habeas corpus on April 15, 2005. The online docket of the Texas Court of Criminal Appeals indicated that court denied petitioner's state habeas application without written order on July 27, 2005. *See In re Jones*, No. 62,167-01. Petitioner placed the instant federal habeas application in the prison

mailing system on February 15, 2006, and such application was received by this Court and filed of record on February 22, 2006.

## II.
## GROUNDS

Petitioner alleges his conviction and sentence are in violation of the Constitution and/or laws of the United States for the following reasons:

1. The indictment charging him with aggravated sexual assault was defective and, thus, did not establish the state trial court's jurisdiction;

2. State habeas review was ineffective;

3. Petitioner's guilty plea at the original plea proceeding was involuntary because petitioner was not advised that he would be required to register as a sex offender;

4. Petitioner was denied effective assistance of counsel at the original plea proceeding because counsel did not advise him that he would be required to register as a sex offender; and

5. Petitioner was denied due process at the sentencing following his adjudication of guilt because the state trial court did not allow petitioner to present mitigation evidence.

## III.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## ISSUES PERTAINING TO ORIGINAL PROCEEDING

Petitioner's first, third and fourth grounds raise issues pertaining to the jurisdiction of the court in the original proceeding and the validity of petitioner's original guilty plea. Petitioner was sentenced to six (6) years deferred adjudication on March 24, 1997. Petitioner did not seek review of the deferred adjudication order. Under Texas law, a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court." Tex.R.App.P. 26.2(a)(1). Thus, petitioner's deferred adjudication became final for purposes of section 2244(d)(1)(A) on April 23, 1997, and the statute of limitations began to run on that date as to any substantive issues relating to the original proceeding. *See Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005). Consequently, any federal habeas application raising these issues was due on or before April 23, 1998. Petitioner, however, failed to file the instant federal habeas application until February 15, 2005. Consequently, these issues are time barred.

V.
ISSUES PERTAINING TO ADJUDICATION AND SENTENCING PROCEEDINGS

Petitioner's fifth ground raises an issue pertaining to the sentencing procedure utilized by the state trial court after petitioner's adjudication of guilt in the second proceeding, and does not challenge a substantive issue related to the original proceeding. Consequently, *Caldwell* does not control the initiation of the statute of limitations with regard to this claim.

In determining when the statute of limitations began to run as to this claim, the undersigned notes this issue did not arise until the sentencing of the second proceeding (the probation revocation and adjudication of guilt). The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period on this claim began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's sentence in open court on October 9, 1998. Petitioner's direct appeal was dismissed on August 22, 2000. Petitioner did not file a petition for discretionary review, therefore, petitioner's conviction became final on September 21, 2000, after expiration of the 30-day time period allowed under Texas law for filing a petition for discretionary review. Tex.R.App.P. 68.2(a). Consequently, any federal habeas application was due on or before September 21, 2001. Petitioner, however, failed to file the instant federal habeas application until

February 15, 2005. Consequently, this claim is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred with regard to claims one, three, four and five.

## VI.
## NON-CONSTITUTIONAL CLAIM

Petitioner's second ground, *i.e.*, that state habeas review was ineffective, does not raise a Federal constitutional issue and is not a proper claim subject to federal habeas review. Consequently, this ground fails to state a claim which could entitled petitioner to federal habeas corpus relief . This ground should be dismissed.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner CHRISTOPHER LAMONT JONES be DISMISSED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of March 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).